# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| James Robert Rice, #10991-056, | ) | |
| Petitioner, | ) | C.A. No.: 4:17-cv-3091-PMD-TER |
| v. | ) | **ORDER** |
| Warden, F.C.I. Edgefield, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner James Robert Rice's objections to Magistrate Judge Thomas E. Rogers' report and recommendation ("R & R") (ECF Nos. 13 & 7). The Magistrate Judge recommends that the Court dismiss Petitioner's 28 U.S.C. § 2241 petition (ECF No. 1). For the reasons stated herein, the Court overrules Petitioner's objections, adopts the R & R, and dismisses Petitioner's § 2241 petition.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Petitioner seeks resentencing for his drug trafficking and firearms convictions, which included sentencing under a mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A) and an enhancement under 21 U.S.C. § 851. The Magistrate Judge recommends that Petitioner's petition be summarily dismissed because the "savings clause" in 28 U.S.C. § 2255(e) does not allow him to challenge his sentence under § 2241. Specifically, the Magistrate Judge found that Petitioner could not satisfy the second criterion used to evaluate the applicability of the savings clause under *In re Jones*, 226 F.3d 328 (4th Cir. 2000). *Jones* requires a petitioner invoking the savings clause to establish that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Id.* at 334. If a petitioner cannot establish that his claim is within the scope of the savings clause, the court must dismiss motion for lack of jurisdiction. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Petitioner raises three objections. First, Petitioner argues that he has satisfied the savings clause because of the Supreme Court's ruling in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Court held that courts must use a "modified categorical approach"—examining the elements of an offense rather than the means of commission—to determine whether an offense is

a predicate violent felony under the Armed Career Criminal Act ("ACCA"). *Id.* at 2257. While *Mathis* clarified the application of the ACCA, it did not change the substantive law such that the conduct of which Petitioner was convicted—possession and conspiracy to distribute cocaine, and the use of a deadly weapon to impede official duties—became noncriminal. Thus, *Mathis* does not aid Petitioner in establishing the second prong of the *Jones* test.

Petitioner also objects to the Magistrate Judge's conclusion that the Fourth Circuit has not extended the reach of the savings clause to petitions that challenge only a sentence, rather than a conviction. As the Magistrate Judge indicated, the Fourth Circuit has said its "precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Petitioner argues that the Magistrate Judge's conclusion is contrary to Supreme Court and Fourth Circuit precedent, citing *Davis v. United States*, 417 U.S. 333 (1974), and *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994). In *Davis*, the Supreme Court held that a petitioner could use a § 2255 proceeding to challenge his conviction following an intervening change in the law, regardless of whether the change was a matter of statutory or constitutional interpretation, provided that change made his conduct noncriminal. 417 U.S. at 345–48. *Davis* does not address the scope of the savings clause, nor did it involve a challenge only to a sentence and not a conviction. In *Maybeck*, the Fourth Circuit held that a § 2255 petitioner was entitled to resentencing given that he was incorrectly categorized as a career offender. 23 F.3d at 891–95. In *Maybeck*, unlike in this case, the record clearly indicated that the petitioner did not have the requisite number of convictions used to subject him to a sentence enhancement. *Id.* at 892. More significantly, *Maybeck* did not address the scope of the savings clause. The Court agrees with the Magistrate Judge that the Fourth Circuit has not extended the savings clause to challenges only to sentences. *Poole*, 531 F.3d at 267 n.7; *see also*

*Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (petitioner's "challenge to his armed career criminal status is not cognizable in a § 2241 petition").

Petitioner also argues that he must be resentenced without the § 851 enhancement "like defendants with ACCA sentences after *Johnson* . . . because[] his prior North Carolina and Florida drug convictions are not 'felony drug offenses.'" (Pet'r's Objs., ECF No. 13, at 8.) Petitioner apparently refers to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down a portion of the ACCA. Since Petitioner's enhancement was not based on the ACCA, it is not apparent how *Johnson* supports his argument or relates to the R & R. Consequently, his objection is overruled.

Finally, Petitioner asks the Court to hold his case in abeyance until the Supreme Court reviews *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), *petition for cert. filed sub nom.*, *McCarthan v. Collins*, 2017 WL 3034223 (U.S. July 12, 2017) (No. 17-85). However the Supreme Court denied that petition for certiorari on December 4, 2017. *McCarthan v. Collins,* 138 S. Ct. 502 (2017) (mem.). Accordingly, the Court declines to hold this case in abeyance.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's objections are overruled, that the R & R is **ADOPTED**, and that Petitioner's § 2241 petition is therefore **DISMISSED**.

   **AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**April 12, 2018**
**Charleston, South Carolina**